IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| D'ALAN E. BAUGH, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No. SAG-17-1735 |
| THE FEDERAL SAVINGS BANK, | * | |
| Defendant. | * | |

*************

## MEMORANDUM OPINION

This matter concerns a Motion to Substitute Named Plaintiffs and Class Representatives and to Renew Plaintiffs' Motion for Class Certification ("the Motion"), filed by Plaintiff D'Alan E. Baugh ("Plaintiff"). ECF 56. Defendant The Federal Savings Bank ("TFSB") opposed the Motion, ECF 60, and Plaintiff filed a reply, ECF 61. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, the Motion will be GRANTED.

### I. BACKGROUND

The underlying factual background is set out in detail in this Court's Memorandum Opinion of September 25, 2020, ECF 54, and will not be repeated herein. The Complaint originally identified both Plaintiff and Penny Frazier as named plaintiffs and class representatives, but Frazier withdrew before class certification was considered. ECF 1. Accordingly, this Court's September Order of September 25, 2020 granted in part and denied in part Plaintiff's motion to certify a class. The Court certified the following class, with Plaintiff as class representative:

> All individuals in the United States who were borrowers on a federally related mortgage loan (as defined under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2602) originated or brokered by The Federal Savings Bank for which Genuine Title provided a settlement service, as identified in Section 1100 on the HUD-1, between January 1, 2009 and May 22, 2013. Exempted from this class is any person who, during the period of January 1, 2009 through December 31, 2014, was an employee, officer, member and/or agent of The Federal Savings Bank,

>Genuine Title LLC and/or Competitive Advantage Media Group, LLC, Brandon Glickstein, Inc., and/or Dog Days Marketing, LLC.

ECF 55. Although Plaintiff had requested to certify a class including all TFSB borrowers who received Genuine Title settlement services between January 1, 2009 and December 31, 2014, this Court noted that the issues presented would differ between plaintiffs whose loans closed before execution of the Title Services Agreement ("TSA") on May 22, 2013, and those whose closed after. ECF 54 at 16–17. Because Plaintiff's loan was processed prior to execution of the TSA, and because Plaintiff was the only named plaintiff remaining in the litigation after Frazier's withdrawal, this Court denied the motion to certify the class as to the loans processed after May 22, 2013, but expressly permitted Plaintiff to seek to substitute new named plaintiffs, and to renew the motion to certify the remainder of the originally proposed class. Plaintiff has now done just that. He seeks to substitute William and Sharon Johnson ("the Johnsons") and Michael and Jane Walsh ("the Walshes") for Frazier. ECF 56. The Johnsons and Walshes each closed their loans with TFSB, using Genuine Title for settlement services, during the period after the TSA took effect.

## II. ANALYSIS

Federal Rule of Civil Procedure 21 provides "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Accordingly, courts "routinely allow the substitution of a new class representative after the original representative has been disqualified." *McKandes v. Carefirst, Inc.*, Civ. No. AW-04-743, 2006 WL 8457129, at *6 (D. Md. June 12, 2006) (collecting cases).

TFSB's opposition does not contest the fact that the court has authority to substitute a new class representative or new named plaintiff at this stage, but instead focuses on the adequacy of

2

the Johnsons and Walshes as representatives.[1]  ECF 60.  TFSB suggests that the proposed representatives lack sufficient personal knowledge about the facts, claims, and defenses in the case, and that the Walshes have a conflict of interest that would prevent their adequate representation of other class members.  ECF 60 at 3–10.  Neither argument is persuasive.

TFSB tries to analogize the Johnsons and Walshes to the proposed class representatives in *Monroe v. City of Charlottesville, Va.*, 579 F.3d 380 (4th Cir. 2009) and *Burton v. Chrysler Group LLC*, Civ. No. 8:10-00209-MGL, 2012 WL 7153877 (D.S.C. Dec. 21, 2012).  In *Monroe*, the district court made findings that the proposed representative "had little interest in or knowledge and understanding of the case, and appeared to be merely lending his name to the suit."  579 F.3d at 385.  The evidence before the district court reflected that the representative "(1) was unaware of the suit and only learned the suit was filed in his name after reading about the lawsuit in the newspaper; (2) said the class attorneys would not return his calls; and (3) believed the lawsuit made him look bad."  *Id.*  On that record, the Fourth Circuit found that the district judge had not abused its discretion in denying class certification.  *Id.*

Similarly, in *Burton*, one of the proposed class representatives testified "that he did not understand that he represents other people in this case and was not looking for anyone else to get any money out of his pocket because of his problems."  2012 WL 7153877, at *7.  The other proposed representative testified "that no one has ever explained to him the costs and benefits of a class action versus an individual action, he did not understand that this case is a class action, and

---

[1] TFSB also suggests that the format of Plaintiff's motion was inadequate, because he did not include an amended Complaint and failed to attach certain exhibits.  ECF 60 at 3.  The missing exhibits have since been submitted, and the Court grants leave to file the Amended Complaint, naming the new representatives, following this ruling.

3

he did not know whether he had any duties as class representative." *Id.* The *Burton* court deemed those representatives to be inadequate. *Id.*

In contrast, here, the Johnsons and Walshes appear more than adequate. The Fourth Circuit has recognized that a plaintiff "need not have extensive knowledge of the facts of the case in order to be an adequate representative," particularly in a "complex case." *Gunnells v. Health Plan Servs., Inc.*, 348 F.3d 417, 430 (4th Cir. 2003). That the Johnsons and Walshes have relied on counsel to understand the intricacies of the RESPA statute and their potential relief does not convince the Court that they will fail to vigorously represent the class. Similarly, that they agreed to serve as class representatives without first speaking to counsel, or failed to recall certain details about the litigation at deposition, causes no concern. Each proposed class representative sat for a deposition and, when asked, expressed a clear understanding of the duties of a class representative and a willingness to perform the role. *See, e.g.*, ECF 61-4 at 10:22-25, 11:6-8 (Mrs. Johnson deposition identifying a class action suit as "a suit where a group of people have been cheated for the same thing by the same people and they're represented by one or several people" and her duty as class representative "[t]o represent everyone on the suit and to make decisions with the lawyer in their favor."); ECF 61-3 at 13:11-12, 14:13-14, 16:8-11 (Mr. Johnson deposition describing a class action as "something was done that affected a specific group of people and they hired an attorney to represent them" and that as class representative "I would be making decisions for the – for the group that's being represented" and would want "whatever is right for the group. And after, you know, speaking with the group and our attorney, just the best outcome for everyone."); ECF 61-5 at 15:23-16:2, 17:14-15 (Mr. Walsh deposition describing class action as "when someone cheats an individual for a small amount of money they can't get it back, but if you add it up for 10,000 people, that small amount's a lot of money, and that's why people join in groups"

4

and his goal for the litigation is for "everybody to get their money back"); ECF 61-6 at 11:16-21 (Mrs. Walsh deposition describing her claims as class representative as "to find out that we were taken advantage of, along with a lot of other folks, is reason to be, when asked, involved in the suit. I think it's important."). Unlike the proposed representatives in the cases cited by TFSB, the Walshes and Johnsons have a comprehensive understanding of the purpose of the class action and their role in it. They have amply demonstrated their willingness to participate and to represent the group interests.

TFSB's argument about the Walshes' potential conflict of interest meets with no greater success. TFSB contends that the Walshes might have a separate claim because they believe TFSB fraudulently charged them an unnecessarily high interest rate. ECF 60 at 9. According to TFSB, then, the Walshes might hold a grudge against TFSB, or might subjugate the interests of the class to their individual interests. *Id.* That argument fails, in part because the Walshes did not file any independent claim regarding their interest rate, and their statute of limitations has now expired. Thus, there is no risk of their using the class action as leverage to procure a better result for an individual claim. Even had the Walshes still had viable individual claims, those claims would not create the type of fundamental conflict disqualifying their service, because they share an interest with the class members in vindicating their kickback-related claim. *See Gunnells*, 348 F.3d at 430–31 (noting that the existence of individual claims does not render representatives inadequate unless there is a fundamental conflict that goes "to the heart of their roles as class representatives").

The Walshes, like the Johnsons, are therefore adequate class representatives for a post-TSA subclass. This Court has already completed the remainder of the analysis required for class certification in its September 25, 2020 memorandum opinion, including finding class counsel to be appropriate, and will not repeat it herein. The only missing variable precluding certification of

the entire proposed class in the September 25, 2020 opinion was typicality, because Baugh's claim was not typical of plaintiffs whose transactions had been subject to the TSA. The Walshes' and Johnsons' claims fulfill the typicality requirement as to that subset of plaintiffs. Accordingly, Plaintiff will be permitted to file an amended Complaint substituting the Johnsons and the Walshes for Frazier. Once that amended Complaint has been filed, this Court will enter an order certifying the originally proposed class as follows, with the following two subclasses:

> All individuals in the United States who were borrowers on a federally related mortgage loan (as defined under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2602) originated or brokered by The Federal Savings Bank for which Genuine Title provided a settlement service, as identified in Section 1100 on the HUD-1, between January 1, 2009 and December 31, 2014. Exempted from this class is any person who, during the period of January 1, 2009 through December 31, 2014, was an employee, officer, member and/or agent of The Federal Savings Bank, Genuine Title LLC and/or Competitive Advantage Media Group, LLC, Brandon Glickstein, Inc., and/or Dog Days Marketing, LLC.
>
> **Subclass 1:** The Pre-TSA subclass is comprised of all TFSB class members whose federally related TFSB mortgage loan closed on or before May 22, 2013.
>
> **Subclass 2:** The Post-TSA subclass is comprised of all TFSB class members whose TFSB federally related TFSB mortgage loan closed on or after May 23, 2013.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Substitute Named Plaintiffs and Class Representatives and to Renew Plaintiffs' Motion for Class Certification, ECF 61, is GRANTED. Plaintiff will be afforded fourteen days in which to file an Amended Complaint effecting the substitutions authorized herein. Once that Amended Complaint is filed, this Court will enter a separate order certifying the originally proposed class, with the two subclasses described. An implementing order will accompany this memorandum opinion.

Dated: December 2, 2020

/s/

Stephanie A. Gallagher
United States District Judge