**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF                                                      101 WEST LOMBARD STREET
STEPHANIE A. GALLAGHER                                   BALTIMORE, MARYLAND 21201
UNITED STATES DISTRICT JUDGE                                            (410) 962-7780
                                                                              Fax (410) 962-1812

August 23, 2021

LETTER ORDER

RE:     *Baugh v. The Federal Savings Bank*; Civil Case No. SAG-17-01735

Dear Counsel:

I am in receipt of Smith, Gildea & Schmidt's ("SGS's") Motion to Quash Subpoena Duces Tecum, ECF 75, and the opposition and reply thereto. ECF 78, 79. No hearing is necessary. See Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, the motion will be granted in part and denied in part, in that the subpoena will be converted to a request for production of documents, but certain documents will be ordered to be produced, as described below.

SGS is counsel to Plaintiffs in the instant matter. Defendant The Federal Savings Bank ("FSB") issued a subpoena to SGS on July 28, 2021, subpoenaing records relating to SGS's and Plaintiffs' interactions with a critical witness in the case, Christopher Infantino, who previously worked as a loan officer for FSB. Simultaneously, FSB issued a subpoena to Infantino, requesting similar documentation. Infantino has since responded that he does not possess any responsive documentation. SGS has not disclosed whether it has any responsive records, but it has moved to quash the subpoena as violative of general principles against seeking discovery from opposing counsel of record.

The discovery sought from SGS is relatively narrow in scope. Simple adjustments to the requests can be made to ensure that the documentation would be relevant, nonprivileged, and crucial to FSB's preparation of its case, given Infantino's importance to the litigation. Moreover, no other means exist to obtain the documents being requested, in light of Infantino's response to the companion subpoena. While FSB could certainly question Infantino about some of these topics at his deposition, it should be permitted to obtain copies of existing nonprivileged documentation as well.

Accordingly, this Court will limit the documents FSB requested to the following, which will eliminate any requirement to produce drafts or notes that might disclose attorney work product material:

(1)     All documents constituting communications between you, on the one hand, and Christopher Infantino, or any attorney, agent, or representative thereof, on the other hand.
(2)     All documents constituting any communications between Plaintiffs, or any attorney, agent, or representative thereof, on the one hand, and Christopher Infantino, or any attorney, agent, or representative thereof, on the other hand.

*D'Alan E. Baugh v. The Federal Savings Bank*
Civil Case No. SAG-17-1735
August 23, 2021
Page 2

  (3) All documents constituting any agreement between you, on the one hand, and Christopher Infantino, or any attorney, agent, or representative thereof, on the other hand, including any agreement relating to the Affidavit of Chris Infantino attached hereto as Exhibit A.

  (4) All documents constituting any agreement between Plaintiffs, or any attorney, agent, or representative thereof, on the one hand, and Christopher Infantino, on the other hand, including any agreement relating to the Affidavit of Chris Infantino attached hereto as Exhibit A.

  (5) All documents constituting or reflecting any settlement of claims between Plaintiffs, on the one hand, and Christopher Infantino, non the other hand.

  (6) All documents constituting or reflecting any payment from Christopher Infantino, or any attorney, agent, or representative thereof, on the one hand, to Plaintiffs, or any attorney, agent, or representative thereof, on the other hand.

  (7) All documents constituting or reflecting any payment from Plaintiffs, or any attorney, agent, or representative thereof, on the one hand, to Christopher Infantino, or any attorney, agent or representative thereof, on the other hand.

  These documents should be produced on or before **September 13, 2021.**  For all of the foregoing reasons, SGS's Motion to Quash, ECF 75, is GRANTED IN PART AND DENIED IN PART.  Despite the informal nature of this letter, it is an Order of the Court and will be docketed as such.

       Sincerely yours,

        /s/

       Stephanie A. Gallagher
       United States District Judge